UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:21-CR-126 |
| v. | ) | |
| | ) | JUDGES VARLAN/POPLIN |
| JAMES CARROLL HICKMAN | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, **JAMES CARROL HICKMAN**, and the defendant's counsel, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

   a. Count 5. Conspiracy to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

2. There are no remaining counts in the indictment as to this defendant.

3. The punishment for Count 5 is a mandatory minimum term of imprisonment 5 years and up to 40 years, a fine of up to a $5,000,000, a mandatory minimum of 4 years and up to life of supervised release, and a $100 special assessment.

4. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows: (1) That the defendant and at least one other person conspired, or agreed, to knowingly and intentionally possess with the intent to distribute a controlled substance; (2) The defendant knowingly and intentionally joined the conspiracy; (3) The defendant participated in the

conspiracy; (4) The controlled substance in question was 500 grams or more of a mixture and substance containing a detectable amount of cocaine.

5. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

## FACTS

a. During the charged conspiracy period, the defendant agreed to work with others to purchase and distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. For example, on or about December 12, 2020, law enforcement intercepted the defendant speaking with Juan Lopez Gallardo ("LOPEZ") over a lawful wiretap. The defendant asked LOPEZ if the defendant could purchase a ¼ ounce of cocaine. LOPEZ agreed. Law enforcement then intercepted LOPEZ speaking with Jairo David Posadas ("POSADAS") and directing POSADAS to meet with the defendant and deliver 2 "eights," or eight-balls (1/8 of an ouce) of cocaine to the Defendant. Law enforcement then surveilled the meeting between the defendant and POSADAS that occurred in the Eastern District of Tennessee. After the meeting between the defendant and POSADAS was concluded, law enforcement then stopped the defendant's vehicle and lawfully searched the vehicle. Inside the defendant's vehicle, law enforcement found approximately 4 grams of cocaine. The defendant told law enforcement that he had been buying distribution quantities of cocaine from LOPEZ for approximately 2 years. He admitted that he had just paid POSADAS for the cocaine found in his vehicle. Moreover, the defendant admitted that after he would order cocaine from LOPEZ, LOPEZ would often send

2

subordinates, like POSADAS to deliver the cocaine and take payment for the cocaine. The defendant admitted that he had purchased more than 500 grams of cocaine from Lopez in the past two years. In total, during the charged conspiracy period, the defendant admitted that he, and others, possessed with the intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of cocaine.

b. In accordance with Fed. R. Crim. P. 11(c)(1)(B), the parties agree and stipulate that, for sentencing purposes, under U.S.S.G. § 2D1.1, within the scope of the jointly undertaken drug distribution conspiracy, in furtherance of that conspiracy, and reasonably foreseeable in connection with that criminal activity, that the defendant is responsible for at least 500 grams but less than 2 kilograms of a mixture and substance containing a detectable amount of cocaine.

6. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

  a)   the right to plead not guilty;

  b)   the right to a speedy and public trial by jury;

  c)   the right to assistance of counsel at trial;

  d)   the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

  e)   the right to confront and cross-examine witnesses against the defendant;

  f)   the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

  g)   the right not to testify and to have that choice not used against the defendant.

3

7. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

    b) The Court will impose special assessment fees as required by law; and

    c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant

4

engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. The defendant agrees to pay the special assessment in this case prior to sentencing.

10. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

5

a)　If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b)　The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)　If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11.　The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a.　The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

6

b.  The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c.  The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

2/22/22
Date

By: _____
KEVIN QUENCER
Assistant United States Attorney

2-13-22
Date

_____
JAMES CARROL HICKMAN
Defendant

2/13/22
Date

_____
CULLEN WOJCIK
Attorney for the Defendant

8